# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| MICHAEL GRAZIANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CA 20-0401-MU |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Graziano brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for Supplemental Security Income ("SSI"), based on disability. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 20 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 22. Upon consideration of the administrative

---

[1] Kilolo Kijakazi was named the Acting Commissioner of Social Security on July 9, 2021. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the proper party defendant to this action.

record, Graziano's brief, and the Commissioner's brief,[2] it is determined that the Commissioner's decision denying benefits should be affirmed.[3]

## I.  PROCEDURAL HISTORY

On October 23, 2018, Graziano applied for SSI, based on disability, under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383d. (Page ID. 181). His application was denied at the initial level of administrative review on January 11, 2019. (Page ID. 103-08). On February 20, 2019, Graziano requested a hearing by an Administrative Law Judge (ALJ). (Page ID. 109-11). After a hearing was held on November 22, 2019 (Page ID. 75-88), the ALJ issued an unfavorable decision finding that Graziano was not under a disability from the date his application for SSI was filed through the date of the decision, December 24, 2019. (Page ID. 61-74). Graziano appealed the ALJ's decision to the Appeals Council, which denied his request for review on July 15, 2020. (Page ID. 50-55). After exhausting his administrative remedies, Graziano sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on April 19, 2021. (Docs. 13, 14). Both parties filed briefs setting forth their respective positions. (Docs. 16, 17). The parties waived oral argument. (Docs. 19, 21).

## II.  CLAIMS ON APPEAL

Graziano alleges that the ALJ's decision to deny him benefits is in error for the following reasons:

---

[2] The parties elected to waive oral argument. *See* Docs. 19, 21.
[3] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 20. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

1) the ALJ's determination was not supported by substantial evidence due to the ALJ misrepresenting the evidence and not analyzing the medical evidence to link it to her conclusion, and

2) the ALJ committed legal error by failing to acknowledge and apply Social Security Ruling (SSR) 82-59 regarding noncompliance with treatment. (Doc. 16 at p. 1).

### III. BACKGROUND FACTS

Graziano, who was born on February 25, 1972, was 46 years old at the time he filed his claim for benefits. (PageID. 29). Graziano initially alleged disability due to COPD, problems with his left arm, left leg, back, and right knee, high blood pressure, diabetes, depression, anxiety, suicidal thoughts/attempt, and obesity. (PageID. 200). Graziano went to school through the 8th grade. (PageID. 29). He obtained his GED in 2012. (PageID. 29). He was in a motor vehicle accident in 1995 in which he suffered injuries to his right knee, left arm, left lower leg, and right rotator cuff. (PageID. 291). In the fifteen years prior to filing his claim, his only work was as a bartender at an airport for approximately five to six months in 2008. (PageID. 29-31, 151). He reported that, during the day, he manages his own personal care without assistance, watches television, does chores, feeds the animals, and sleeps. (PageID. 293). He does not have a license to drive but drives when necessary. (*Id.*). He reported that he does not have friends, except for the lady who owns the property on which he lives. (*Id.*). During the pendency of the claim, he was married and had a ten-year old stepdaughter. (PageID. 411-412). He reported that his interactions with his family were good and that he talked to all of his sisters/half-sisters. (PageID. 412). Graziano claims that he is

unable to work due to major depression with suicidal ideation, diabetes, obesity, and residual effects from the injuries suffered in his car accident. (PageID. 80).

## IV. ALJ'S DECISION

After conducting a hearing on this matter, the ALJ determined that Graziano had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (PageID. 61-74). The ALJ found that Graziano had the following severe impairments: obesity, type II diabetes mellitus, depression, and hypertension, but that he did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (PageID. 66-68). The ALJ found that he had the residual functional capacity (RFC) to perform medium work "except claimant can understand, remember and carry out simple instructions and tasks; he can maintain concentration and attention for simple tasks with appropriate breaks; he can relate appropriately to the public, peers, and supervisors, and he can adapt to occasional changes." (PageID. 68-70). She concluded that, while Graziano is unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that he can perform. (PageID. 70-71).

## V. STANDARD OF REVIEW

Eligibility for SSI benefits requires that the claimant be disabled. 42 U.S.C. § 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the

4

claimant's previous work or any other substantial gainful activity that exists in the national economy. 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists,

[the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## VI. DISCUSSION

As set forth above, Graziano has asserted that the Commissioner's decision to deny him benefits is in error because the ALJ's Residual Functional Capacity (RFC) determination was not supported by substantial evidence. (PageID. 485-88). A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents **the most, not the least**, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2 (emphasis added). The RFC assessment is based on "all of the relevant medical **and other evidence**." 20 C.F.R. § 404.1545(a)(3). In assessing a claimant's RFC, the ALJ must consider only limitations and restrictions attributable to medically determinable impairments, i.e., those that are demonstrable by objective medical evidence. SSR 96-

6

8p, 1996 WL 374184, at *2. Similarly, if the evidence does not show a limitation or restriction of a specific functional capacity, the ALJ should consider the claimant to have no limitation with respect to that functional capacity. Id. at *3. The ALJ is **exclusively** responsible for determining an individual's RFC. 20 C.F.R. § 404.1546(c).

Graziano first asserts that the ALJ misrepresented the evidence. Specifically, Graziano argues that the ALJ erroneously discounted his testimony that he does not like to be around others by stating that Graziano's treatment notes showed that he was active in church on the weekends and had purchased an above ground pool for his family and was looking forward to putting it to good use. (PageID. 67). Graziano argues that these two statements by the ALJ were misrepresentations of the evidence because he avers that the treatment notes showed that he wanted to participate in church, not that he was doing so, and that he had purchased a pool, but not that he used it or successfully assembled it. (PageID. 485-86). The Court finds this to be a distinction without a difference. The fact that he wanted to participate in church could certainly be reasonably interpreted to be contrary to his assertion that he does not like to be around others, especially since the former was said during a therapy session and the latter was said during his disability hearing when the ALJ was questioning him about why he believed he could not work. In addition, approximately four months prior to filing the relevant claim for benefits, Graziano had reported to a consulting psychologist that he attended church. (Page ID. 293). The record also reflects that Graziano told his therapist that "he bought the family an above ground pool and looks forward to going home and put [sic] it to use." (Page ID. 293). The therapist's note also reflects that "[h]e has more energy evident by putting the pool together for his family." (*Id.*). Accordingly,

7

the Court finds that the ALJ did not misrepresent the evidence when making this statement.

As is well established, the ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ. *See* 20 C.F.R. § 404.1546; *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). The reviewing court may not reweigh the evidence or substitute its judgment for that of the Commissioner. The claimant has the burden of proving that he is disabled. *Mack v. Comm'r of Soc. Sec.,* 420 F. App'x 881, 882 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). A review of the record shows that Graziano did not produce any evidence to support his blanket statement that he does not like to be around others, nor did he explain or put forth evidence to show why that factor would limit his *ability* to "relate appropriately to the public, peers, and supervisors."  The medical records presented do not contain any objective evidence to support a contrary finding. Accordingly, even if the ALJ erred by "misrepresenting" a statement in the record, such error was harmless. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (holding that when "an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand").

"To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-

cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)). Graziano argues that the ALJ failed to explain how the evidence supported the RFC. However, the ALJ's Decision did contain a review of the treatment records and medical findings, as well as other evidence, to support the ALJ's assignment of additional limitations to Graziano's medium duty status. (PageID. 67-70). The ALJ did not base her decision on any single event, but rather, considered the full record and a variety of factors in assessing Graziano's RFC. The ALJ noted that Graziano testified that he is unable to keep a schedule and he procrastinates. (PageID. 67). She also noted that he testified that he does not like to be around others. (*Id.*). She discussed the fact that his three episodes of suicidal ideation for which he was hospitalized occurred during a ninth-month period during which he was having some periods of going without medication due to financial issues. (PageID. 69). However, the record showed that his depression was much better when he took his medication. The record also showed that after his financial condition improved and he began taking his medication, he had no more hospitalizations due to depression and had a much-improved outlook. Based on this evidence, the ALJ placed additional limitations on his medium work RFC finding to include limiting him to simple tasks with appropriate breaks and occasional changes. (PageID. 68).

Having reviewed the evidence and considered the arguments made by Graziano and being mindful of the admonishment that the reviewing court may not reweigh the evidence or substitute its judgment for that of the Commissioner, the Court finds that the RFC assessment made by the ALJ was supported by substantial evidence.

Graziano also contends that the ALJ's determination is due to be reversed because she committed legal error by failing to acknowledge and apply SSR 82-59 regarding non-compliance with treatment. (PageID. 488-89).  SSR 82-59 provides that "[a]n individual who would otherwise be found to be under a disability, but who fails without justifiable cause to follow treatment prescribed by a treating source which the [SSA] determines can be expected to restore the individual's ability to work, cannot by virtue of such 'failure' be found to be under a disability." The Eleventh Circuit has held that SSR 82-59 only applies in cases in which the claimant would otherwise be found disabled. *Mack*, 420 F. App'x at 883. While the ALJ here did note that each of Graziano's hospitalizations followed periods of medical non-compliance due to financial issues, the ALJ "did not significantly base [her] determination that [Graziano] was not disabled on [his] noncompliance with prescribed treatment." *Id*. Indeed, as noted by the ALJ, the record shows that, at the time of the hearing, Graziano had been medically compliant for over five months and had not been hospitalized or had treatment for suicidal ideation during that time period. Accordingly, the ALJ was not required to apply or discuss SSR 82-59 in this case.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **29th** day of **April, 2022**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
